**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| OMAR CONTRERAS GAMBOA,<br><br>    Petitioner,<br><br>    v.<br><br>KRISTI NOEM, *et al.*,<br><br>    Respondents. | Case No. 3:26-cv-00175-RFB-CSD<br><br>**ORDER GRANTING WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Omar Contreras Gamboa's Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Washoe County Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention by Respondents under 8 U.S.C. § 1225(b)(2)(A) without opportunity for release on bond (i.) violates the Immigration and Nationality Act ("INA") because he is properly detained under § 1226(a) and its implementing regulations and (ii.) violates the Due Process Clause of the Fifth Amendment. See Petition, ECF No. 1 at 9-15.

The only authority Respondents provide for continuing to detain Petitioner without opportunity for release on bond is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide Petitioner a prompt bond hearing or immediately release him from custody.

The Court makes the following findings of fact. Petitioner is a 47-year-old native and

citizen of Mexico who has resided in the United States since 1995 and without departure since his last entry in 2001, which was without inspection and admission or parole. See ECF No. 1 at 7. On February 6, 2026, Petitioner was arrested by the Reno Police Department for an alleged driving under the influence offense, for which he posted bond and was released from local custody. See id. at 2. The following day, Petitioner was taken into ICE custody and issued a Notice to Appear ("NTA") by DHS, commencing removal proceedings against him under § 1229a and charging him with, *inter alia*, being present in the United States without admission or parole and therefore removable under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection. See Notice to Appear, ECF No. 12-2. Petitioner is now being held by Respondents at the Washoe County Detention Center without opportunity for release on bond. See ECF Nos. 1 at 2; 12 at 2.

Consistent with its prior decisions, the Court rejects Respondents' and Matter of Yajure Hurtado's, 29 I&N Dec. 216 (BIA 2025) [hereinafter "Hurtado"] statutory interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by ICE far from any border or port of entry after years of residence in this country, for the reasons discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by reference in this case. See, e.g., Escobar Salgado v. Mattos, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); Jacobo Ramirez v. Noem, --- F. Supp. 3d ---, No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). Further, the Court is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law Respondents cite, including the recent Fifth Circuit decision in Buenrostro-Mendez v. Bondi, Nos. 25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons identified in dissent by Judge Douglas, see id., at *10-18 (Douglas, J., dissenting), and by other district courts. See, e.g., Carbajal v. Wimmer, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D. Utah Feb. 9, 2026); Singh v. Baltazar, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb. 9, 2026).

Moreover, Buenrostro-Mendez did not address an as applied constitutional challenge to Respondents' detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court

- 2 -

incorporates by reference the legal authorities and standards set forth in Escobar Salgado regarding the due process rights of noncitizens in Petitioner's position, including the Court's findings regarding Respondents' erroneous reliance on Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020) to contend that all undocumented noncitizens present in this country have no right to due process under the Constitution beyond what Congress affords. 2025 WL 3205356, at *22-24; see also Padilla v. U.S. Immig. and Cust. Enf't, 704 F. Supp. 3d 1163 (W.D. Wash. 2023). Consistent with its prior decisions the Court finds that Respondents' civil detention of Petitioner without a bond hearing and without providing any individualized, constitutionally recognized justification for his detention violates his procedural and substantive due process rights. See id.

The Court therefore orders Respondents to provide Petitioner a constitutionally adequate bond hearing pursuant to 8 U.SC. § 1226(a) and its implementing regulations, wherein the government bears the burden of establishing, by clear and convincing evidence, an individualized, constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is necessary to prevent danger to the community or to ensure his future appearance at removal proceedings. See Singh v. Holder, 638 F.3d 1196, 1203 (9th Cir. 2011) ("Given the substantial liberty interest at stake . . . we hold that the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond.") abrogation on other grounds recognized by Rodriguez Diaz v. Garland, 53 F.4th 1189 (9th Cir. 2022); see also Martinez v. Clark, 124 F.4th 775, 785 (9th Cir. 2024) ("[T]he BIA properly noted that the government bore the burden to establish by clear and convincing evidence that [a detained noncitizen] is a danger to the community"). In considering the evidence, the IJ must "weigh nine factors under BIA precedent." Martinez, 124 F.4th at 793 (citing In Re Guerra, 24 I. & N. Dec. 37 (BIA 2006)).[1]

---

[1] These factors include "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." Martinez, 124 F.4th at 793 (citing Guerra, 24 I. & N. Dec. at 40).

For the bond hearing to be constitutionally adequate, the Immigration Court must consider Petitioner's financial circumstances as well as possible alternative release conditions in setting bond. See Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017). The Immigration Court must further create a contemporaneous record of the bond hearing that is available to Petitioner upon request, see Singh, 638 F.3d at 1208, and available to this Court, to ensure the Immigration Court's compliance with this Order, including the application of the correct evidentiary burden and standard, and to review any dangerousness or flight risk finding for abuse of discretion, if necessary. Martinez, 124 F.4th at 779 (holding federal district courts have habeas jurisdiction to determine whether the appropriate evidentiary burden and evidentiary standard is applied in a bond hearing *de novo*, as a "question of law," and to review an IJ's dangerousness finding for abuse of discretion, as a "mixed question of law and fact") (citing Wilkinson v. Garland, 601 U.S. 209 (2024)).

Consistent with its broad equitable authority to fashion a remedy for unlawful detention "as law and justice require," and considering the constitutional injury Petitioner has suffered and continues to suffer due to Respondents continued enforcement of unlawful detention policies, the Court orders Respondents to provide a bond hearing promptly, no later than **March 20, 2026**, or immediately release him from custody on his own recognizance, with no substantial constraints on his liberty. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for Writ of Habeas Corpus is **GRANTED**.

**IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Preliminary Injunction is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Respondents must provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a), where the government bears the burden of establishing dangerousness or flight risk by clear and convincing evidence, and consistent with the other requirements described above, no later than **March 20, 2026**.

**IT IS FURTHER ORDERED** that if bond is granted, Respondents are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has

received notice of the hardship other petitioners have incurred in their efforts to satisfy bond through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be afforded until **April 20, 2026** to satisfy any monetary bond conditions.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

**IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not conducted by **March 20, 2026**, Respondents must **IMMEDIATELY RELEASE PETITIONER** from custody **ON HIS OWN RECOGNIZANCE**. This means Federal Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring, without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner during the pendency of his current removal proceedings unless and until it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate bond hearing.

**IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** that the Parties shall file a **JOINT STATUS REPORT** by **March 23, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied, and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred, the status report shall confirm the date and time of Petitioner's release from detention in compliance with this Order.

**IT IS FURTHER ORDERED** that if bond was denied, Federal Respondents must (1) **ATTACH** the Order of the Immigration Court to the Joint Status Report **AND** (2) **PROVIDE** the contemporaneous record of the bond hearing to Petitioner's counsel **IMMEDIATELY** upon request.

The Clerk of Court is instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case. The Court also retains jurisdiction to consider Petitioner's request for fees and costs pursuant to the 28 U.S.C. § 2412. Petitioner may file an application for fees and costs consistent with the deadlines and requirements set forth in 28 U.S.C. § 2412 and this Court's Local Rules of Practice 54-1 and 54-14.

**DATED:** March 19, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**